IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE GEORGE,
: 
    Plaintiff,
:
v.
:    Case No. 3:18-cv-342
COMMISSIONER OF SOCIAL
SECURITY,
:    JUDGE WALTER H. RICE
    Defendant.
:

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12);
OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #13);
VACATING COMMISSIONER'S NON-DISABILITY FINDING;
REMANDING MATTER TO SOCIAL SECURITY ADMINISTRATION
UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g); JUDGMENT TO
ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT;
TERMINATION ENTRY

---

Plaintiff Stephanie George has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's applications for Child's Disability Benefits and Supplemental Security Income. The Administrative Law Judge (ALJ") found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with certain restrictions.

Plaintiff maintains that, in so finding, the ALJ erred in rejecting the opinions of Plaintiff's treatment providers, in not meaningfully weighing the opinions of the non-examining agency consultants, and in making unreasonable findings regarding

Plaintiff's suicidal ideations. She argues that the ALJ's decision is not supported by substantial evidence.

On December 4, 2019, United States Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #12, recommending that the Court vacate the Commissioner's non-disability finding and remand the matter under Sentence Four of 42 U.S.C. § 405(g). This matter is currently before the Court on Defendant's Objections, Doc. #13, to the Report and Recommendations.

In reviewing the Commissioner's decision, the Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. The Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The Court "may not try the case *de novo* nor resolve conflicts in evidence nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record, Doc. #6, and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, VACATES the decision of the Defendant Commissioner, and REMANDS the matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g). Magistrate Judge Ovington properly concluded that the Commissioner's non-disability finding is not supported by substantial evidence.

Defendant's Objections to the Report and Recommendations, Doc. #13, are OVERRULED. As Plaintiff points out, Defendant has not objected to Magistrate Judge Ovington's finding that the ALJ erred in weighing the opinions of the State agency non-examining psychologists. *See* Doc. #12, PageID#1025-26. Rather, Defendant challenges only that portion of the Report and Recommendations in which the Magistrate Judge found that the ALJ erred in giving little weight to the opinions of Plaintiff's mental health providers. She concluded that the ALJ's explanation for doing so was lacking. His statements that: (1) the opinions of the mental health providers "reflect uncritical acceptance of [Plaintiff's] subjective allegations and complaints"; and (2) the therapy notes of those mental health providers reflect Plaintiff's functioning to be "nearly normal in most aspects," Doc. #6-2, PageID#44, are supported by substantial evidence.

Having reviewed the Administrative Record and the parties' arguments, the Court agrees with Magistrate Judge Ovington that the opinions of the mental health providers were based not only on Plaintiff's subjective complaints, but also on their observations and diagnoses over the course of years of treatment. Accordingly, the ALJ's statement that their opinions "reflect uncritical acceptance" of Plaintiff's subjective allegations and complaints is not reasonable.

More importantly, Magistrate Judge Ovington properly concluded that the ALJ's finding, that the treatment notes of the mental health providers show Plaintiff's functioning to be "nearly normal in most aspects," is not supported by substantial evidence. As the Magistrate Judge noted, the treatment records are

4

replete with numerous references to Plaintiff's blunted affect, her depression, her anxiety and panic attacks, her tearfulness, her auditory hallucinations and suicidal ideations. Doc. #12, PageID##1024-25. Although there are also treatment notes indicating that Plaintiff sometimes had a normal mood, affect, thought process, thought content and behavior,[1] the record as a whole does not support a finding that Plaintiff's mental functioning was "nearly normal in most aspects."

Concluding that the ALJ's non-disability finding is not supported by substantial evidence, the Court VACATES the Commissioner's non-disability finding. The Court makes no finding as to whether Plaintiff was under a "disability," but rather REMANDS the matter to the Commissioner under Sentence Four of 42 U.S.C. 405(g) for further consideration.

Judgment shall be entered in favor of Plaintiff and against the Defendant Commissioner.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[1] Plaintiff maintains that these notations are indicative of the nature of her bipolar disorder, defined by fluctuations in mood and function.

5

Date: March 11, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE